UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARCLAYS BANK PLC, | |
| *Plaintiff,* | |
| v. | |
| THOMAS A. POYNTER, individually and as Trustee of The Leningrad Cowboys Trust, | |
| *Defendant/Reach-and-apply defendant,* | |
| and | |
| SIMPLY INTERACTIVE INC.; THE TRANSITIONS GROUP, INC.; TRANSITIONS CAPITAL, INC.; TRANSITIONS INTERNATIONAL, INC., TRANSITIONS CAPITAL INVESTORS, LLC; and TRANSITIONS CAPITAL MANAGEMENT LLC, | CIVIL ACTION NO. 1:10-cv-11187-RWZ |
| *Reach-and-apply defendants,* | |
| and | |
| WAINWRIGHT BANK & TRUST CO., BANK OF AMERICA, N.A., and FIDELITY BROKERAGE SERVICES LLC, | |
| *Trustee defendants.* | |

## **PROPOSED ORDER**

Upon consideration of Plaintiff Barclays Bank PLC's ("Barclays") Ex Parte Motion for Temporary Restraining Order and Issuance of Trustee Process ("TRO"), this Court FINDS:

1. Barclays is reasonably likely to succeed on the merits of its Verified Complaint.

2. Absent the temporary restraining order sought by Barclays, defendant Thomas A. Poynter ("Poynter") could transfer all of his assets out of this Court's jurisdiction.

3.  Any such transfer would deprive Barclays of its damages remedy in this action, and thereby cause Barclays irreparable harm.

For the foregoing reasons and those set forth in Barclays' memorandum of law, it is hereby ORDERED that:

1.  Barclays' Motion is GRANTED.

2.  Poynter and his agents, servants, employees, trustees, attorneys and those acting in concert or in participation with him are ENJOINED from directly or indirectly:

    a.  Conveying, transferring, encumbering, or alienating any property, real or personal, in which he has an ownership or beneficial interest;

    b.  Transferring any funds out of any accounts maintained by or for him in or with any person, bank, stock brokerage, money manager, or similar entity, other than (a) payments necessary to pay ordinary and necessary living expenses; and (b) payments necessary to pay real estate taxes and maintenance of any properties owed by him, but prohibiting payments in connection with any item described in this subparagraph (2) to any of his "insiders," as that term is defined in M.G.L. c. 109A, § 2; and

    c.  Forgiving, setting off, recouping or compromising any indebtedness due to Poynter.

3.  Reach-and-apply defendants Poynter as Trustee of the Leningrad Cowboys Trust; Simply Interactive Inc.; The Transitions Group, Inc.; Transitions Capital, Inc.; Transitions International, Inc.; Transitions Capital Investors, LLC; Transitions Capital Management LLC, and any of its or their agents, servants, employees, trustees, attorneys and those acting in concert or in participation with any of them (the "Reach-and-Apply Defendants") are ENJOINED from paying, transferring, concealing or alienating, directly or indirectly, monies that are due or will become due to Poynter up to the amount of US$928,601.49, until further order of this Court.

4.  Poynter is ORDERED to provide Barclays within ten days with a description and location of any property, real or personal, in which he has an ownership or beneficial interest; and to update such disclosure every 90 days thereafter.

5.  Poynter and the Reach-and-Apply Defendants shall appear in this Court on August 11, 2010, at 2:30 p.m. should any of them wish to contest the entry of this Order (or any part thereof), or this Court's approval of attachments on trustee process.

_____
RYA M. ZOBEL, U.S. District Court Judge

Dated:  July 30, 2010

Time of Issuance: _____

EAST\43171727.1